## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

-------------------------------------------------------------------X

DANIEL KORDASH,

                          Plaintiff,

                                                     Case No.

        -against-

UNITED STATES OF AMERICA and OFFICERS
GONZALES AND/OR JOHN DOE 1-6, agents of
Customs and Border Protection sued in their individual
capacities,

                        Defendants.

-------------------------------------------------------------------X

## COMPLAINT

      Plaintiff Daniel Kordash, by undersigned counsel, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks damages arising from the wrongful acts committed by Defendants United States of America and Officers Gonzales and/or John Doe 1-6, agents, upon information and belief, of Customs and Border Protection in their individual capacities:

## I.       NATURE OF THE ACTION

      1.     This action is brought by Plaintiff Daniel Kordash ("Plaintiff" or "Kordash") against Defendants United States of America ("United States") and Officer Gonzales ("Gonzalez") and/or John Does 1-6, agents believed to be working for Customs and Border Protection ("CPB"), in their individual capacities (Gonzalez and John Does 1-6, collectively the "Government Officers") (United States and the Government Officers, collectively the "Defendants") for violations of the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. ("FTCA") and other wrongful conduct.

1

2.      Kordash has repeatedly and without justification been stopped, interrogated and otherwise harassed by Defendants and Defendants' fellow officers at the Fort Lauderdale-Hollywood International Airport and, upon information and belief, the Government Officers have solicited fellow CBP agents, who likewise acted without justification, to stop, interrogate and otherwise harass Plaintiff and associates of Plaintiff's at other airports over a period in excess of one year.

3.      As alleged below, Defendants used, abused and continue to use and abuse authority the Department of Homeland Security ("DHS") and CBP vested in them to commit negligent actions, omissions and/or intentional, knowing or reckless acts which harmed Kordash.

4.      As a result of Defendants' actions, Kordash's business and personal relationships have been sabotaged, his reputation tarnished, and his rights to conduct business, travel and associate compromised, and he has endured emotional distress and financial damage.

5.      Plaintiff has not been able to identify the Government Officers' full names and addresses despite extensive efforts, and the United States Attorney's Office and the federal agency for which the Government Officers work have refused to provide this information.  Plaintiff therefore is forced to include John Doe parties and to rely on the Court to order that the Complaint be served upon the Government Officers, pursuant to the authority set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and whose identities readily can be established by the records of the United States Customs and Border Protection.  Exhibit A: FOIA Production of May 8, 2019; Exhibit B: FOIA Production of July 25, 2019.

## II.    <ins>JURISDICTION AND VENUE</ins>

6.    This Court has jurisdiction to grant relief in this action pursuant to 28 U.S.C. § 1346(b), as Plaintiff brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*

7.    The Court may grant injunctive and declaratory relief for the violations alleged here pursuant to 5 U.S.C. § 702, which waives the sovereign immunity of the United States with respect to any action for injunctive relief under 28 U.S.C. § 1331; 28 U.S.C. § 2201, which confers jurisdiction to issue declaratory judgments; and/or Federal Rules of Civil Procedure 57 and 65.

8.    Pursuant to the FTCA, this action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the  appropriate federal agency within two years of accrual and this action was filed within six months of the denial of the claim.

9.    Venue is proper within this District under 28 U.S.C. § 1402(b), as the acts complained of occurred in the Southern District of Florida, and under 28 U.S.C. § 1391(e), as Plaintiff resides in this District.

## III.    <ins>PARTIES</ins>

10.    Plaintiff Daniel Kordash is a citizen of the State of Florida and currently resides in Sunny Isles Beach, Florida.

11.    Defendant United States is subject to suit pursuant to the FTCA for the negligent and wrongful acts and omissions of its employees while acting within the course and scope of their office or employment, under the circumstances where the United States, if a private person, would be liable to the Plaintiff.

12.     At all times material to this action, Defendant United States was responsible for the supervision, training and coordination of its employees and law enforcement persons acting in an official capacity.

13.     Defendants Gonzales and/or John Does 1-6 are officers acting within their official capacities as employees by the United States at all times relevant to this Complaint and are sued in their individual capacities.

### IV.     FACTUAL ALLEGATIONS

#### A.     Background - September 23, 2017 Incident

14.     On September 23, 2017, at approximately 7:21 p.m., John Doe 1, John Doe 2 and/or other Government agents, believed to be CBP agents, stopped Plaintiff at the Fort Lauderdale-Hollywood International Airport, Terminal 3, en route to Cartagena, Colombia for a birthday celebration.  John Doe 1 or John Doe 2 handcuffed Plaintiff and chained his arm under his leg and to a steel bench in a freezing cold room.  Plaintiff was detained and interrogated in the room for hours.

15.     John Doe 1, John Doe 2 and other Government agents seized certain funds from Plaintiff.  After investigation and consultation, Plaintiff executed a settle and hold harmless agreement ("Agreement") with CBP.  Pursuant to the Agreement, CBP returned to Plaintiff his funds after a $2,500.00 penalty was assessed.

16.     The FOIA record mischaracterizes the severity of this incident, stating only that John Doe 1 or 2 "had Kordash fill out a FinCen form 105" and that John Doe 1 or 2 "began to question Kordash."  Exhibit B.

**B.     February 21, 2018 Incident**

17.     On February 21, 2018, at approximately 3:45 p.m., Government Officer John Doe 3, who may or may not be the same person as Joe Doe 1 or John Doe 2, stopped Plaintiff while Plaintiff was returning from Cancun, Mexico.  John Doe 3 unjustifiably detained Plaintiff without a good faith basis.

18.     John Doe 3 forced Plaintiff to undergo a secondary security screening without cause and which included a more vigorous search of his personal belongings and relentless interrogation.

19.     Plaintiff was carrying significantly less than $10,000.00 in cash, all of which he had withdrawn from Wells Fargo.  He provided John Doe 3 with a bank receipt evidencing the withdrawal.  Given the amount, Plaintiff was not required to declare any currency with CBP.

20.     Nonetheless, John Doe 3 searched Plaintiff's belongings and then engaged in a pattern of harassment and threats which lasted for hours.

21.     John Doe 3 refused and otherwise failed to provide any justification for the search and detention, instead mocking and threatening Plaintiff and telling him he had no rights.

22.     During the course of his wrongful actions, John Doe 3 threatened to confiscate Plaintiff's cell phone unless Plaintiff permitted him to search it.  Plaintiff refused to consent to the search of his phone.  John Doe 3 in response forcibly seized Plaintiff's cell phone and exited the room for an extended time.  Upon his return, John Doe 3 mocked and threatened Plaintiff about the previous September 23, 2017 incident and warned Plaintiff that he would be subjected to additional scrutiny and invasive searches during all future travel because he had "bad credit" with CBP.

23.     John Doe 3 detained Plaintiff for approximately six hours on February 21, 2018.

24.     The FOIA record mischaracterizes the severity of this incident, stating only that John Doe 3 "took a negative binding declaration, and proceeded to x-ray the baggage."  Exhibit A.

**C.     October 18, 2018 Incident**

25.     On October 18, 2018, Sara Benedikte Kjol Nilsen ("Nilsen"), a citizen of Norway, was traveling from a wedding reception in Colombia to visit Plaintiff.

26.     Upon her arrival at Fort Lauderdale-Hollywood International Airport, the CBP Agent[1] and other CBP officers, without cause or justification, detained Nilsen upon learning that she was there to visit Plaintiff and commenced what developed into a prolonged, disturbing and unlawful detention and interrogation about, and attack on, Plaintiff and Plaintiff's character, integrity and lifestyle.

27.     At approximately 7:40 p.m., two hours after her arrival at the airport, Nilsen sent Plaintiff an alarming text message, detailing her intensive interrogation by CBP.  Shortly thereafter, Plaintiff received a phone call from a CBP Officer, acting with the CBP Agent, instructing him to "come in in person and verify" his relationship with Nilsen.  Despite concerns because of his prior treatment by the CBP Agent, Plaintiff drove to the airport.

28.     While driving to the airport, a CBP Officer, acting with the CBP Agent, again called Plaintiff and commenced an inappropriate interrogation, including inquiries about the purpose of Nilsen's trip and alleging that Nilsen was a prostitute in the United States to "solicit sex" at Plaintiff's instigation.

---

[1] "The CBP Agent" is defendant Officer Gonzales, who may or may not be the same person as John Doe 1, John Doe 2 or John Doe 3.

29.     Plaintiff accurately and truthfully denied that Nilsen and he were involved in sex trafficking or prostitution, and confirmed what Nilsen had told CBP agents, that that she was in Florida on vacation and to visit Plaintiff.

30.     As a result of the threatening and accusatory communications, and fearing that the CBP Agent either personally or other CBP agents at his direction again would unlawfully detain him at the airport, Plaintiff decided not to go into the airport and instead requested his personal assistant to pick up Nilsen.  Plaintiff informed the CBP Officer that his personal assistant would be picking up Nilsen.

31.     When the personal assistant arrived at the airport, CBP advised him that he could not pick up Nilsen, that Customs was a "closed off area," that the detention of Nilsen would continue, and otherwise denied and refused to provide any information about Nilsen's detention or why she was being detained.

32.     Plaintiff did not hear from Nilsen again for over twenty four hours, during which time the CBP Agent and other CBP officers, upon information and belief acting pursuant to the CBP Agent's instigation and request, continued to detain and interrogate Nilsen.  The CBP Agent and the other CBP Agents had no basis to detain Nilsen and did so solely because of her relationship with Plaintiff.  The near sole focus of the interrogation was Plaintiff.

33.     On October 19, 2018, Plaintiff received several text messages from Nilsen, including texts stating that the CBP Agent accused Plaintiff of having links to criminal enterprises, engaging in sexual misconduct with women, having a criminal record that included prior arrests, paying women for companionship, sex trafficking, engaging in money laundering and other false and vile allegations (including accusing Plaintiff of being a pimp).  Nilsen also said that the CBP

Agent advised that Plaintiff was "under investigation" and that the CBP Agent "said he knew you" and "want[] to put you in jail."

34.     Nilsen, who had traveled to Miami two months before the incident with no difficulties with CBP, further informed Plaintiff that the CBP Agent refused to permit her to call her attorney, interrogated her for hours and confiscated her phone. Nilsen described the ordeal as a "nightmare" and something she had "never experienced in my life." Nilsen traveled to Miami two months before the incident and experienced no difficulties with CBP.

35.     The CBP Agent's conduct sabotaged Plaintiff's association and relationship with Nilsen.

**D. November 13, 2018 Incident**

36.     On November 13, 2018, at approximately 3:45 p.m., Plaintiff returned to Miami International Airport from a trip to Moscow.  Upon Plaintiff's return, Government Officers without explanation instructed him to "stand against the wall, because you're going to secondary." Government Officer John Doe 4, who may or may not be the same person as John Doe 1, John Doe 2, John Doe 3 or Gonzales, said Plaintiff was designated for "a hard secondary screening."

37.     Plaintiff was forced to sit in a room for approximately one hour while observing about 30 other individuals also selected for a secondary screening arrive and leave.  Plaintiff then asked a Government Officer, John Doe 5, who may or may not be the same person as John Doe 1, John Doe 2, John Doe 3 or Gonzales, for an explanation of the delay and was told "you just have a difficult case."

38.     Subsequently, a CBP Supervisor, John Doe 6 (the "CBP Supervisor"), escorted Plaintiff to his private office for more interrogation.  The CBP Supervisor asked about Plaintiff's prior incidents with CBP.  Plaintiff referenced the September 23, 2017 incident.  The CBP

Supervisor conceded that Plaintiff had a "bullseye on your head" – upon information and belief referring to the Government Officers' obvious disdain for Plaintiff -- and warned him that he would always be subjected to indiscriminate additional screening while traveling.  The CBP Supervisor then denied Plaintiff's request to speak with his attorney and threatened Plaintiff with even more prolonged detention.

39.     The Government Supervisor, believed to be a CBP Supervisor, John Doe 6, continued to badger Plaintiff with relentless questioning, including personal questions about Nilsen, and demanded Plaintiff to provide access to his social media accounts.

40.     Plaintiff was detained for approximately three hours on November 13, 2018.

41.     The FOIA record regarding this incident does not include any details about the behavior of John Doe 5 or the relentless interrogation by CBP Supervisor John Doe 6.  See Exhibit A.

## FIRST CLAIM FOR RELIEF

### Federal Tort Claims Act -28 U.S.C. § 1346(b)
### False Arrest/False Imprisonment

42.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

43.     The Government Officers acted within the scope of their office or employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Florida.

44.     The seizure, detention and unnecessary and extended restraint of Plaintiff against his will by the Government Officers without adequate cause or lawful authority constituted false arrest and/or false imprisonment.

45.     As a result of Defendants' actions, Plaintiff was unlawfully detained and deprived of his liberty.

46.     As a result of Defendants' tortious conduct, Defendants are liable under the Federal Tort Claims Act.

## SECOND CLAIM FOR RELIEF

### Federal Tort Claims Act -28 U.S.C. § 1346(b)
### Assault

47.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

48.     The Government Officers acted within the scope of their office or employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Florida.

49.     Defendants' unnecessary and unlawful conduct in detaining Plaintiff, and their aggressive use of force to seize and detain him, placed Plaintiff in immediate apprehension of bodily harm and constituted tortious assault.

50.     As a result of Defendants' tortious conduct, Defendants are liable under the Federal Tort Claims Act.

## THIRD CLAIM FOR RELIEF

### Federal Tort Claims Act -28 U.S.C. § 1346(b)
### Battery

51.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

52.     The Government Officers acted within the scope of their office or employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Florida.

10

53.    Defendants' unnecessary and unlawful use of force to seize, handcuff and detain Plaintiff against his will constituted tortious battery.

54.    As a result of Defendants' tortious conduct, Defendants are liable under the Federal Tort Claims Act.

**FOURTH CLAIM FOR RELIEF**
**Federal Tort Claims Act -28 U.S.C. § 1346(b)**
**Intentional Infliction of Emotional Distress**

55.    Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

56.    The Government Officers acted within the scope of their office or employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Florida.

57.    The Government Officers knowingly, intentionally and/or recklessly caused Plaintiff emotional distress and harm through their tortious and wrongful actions.

58.    Defendants' actions constitute intentional infliction of emotional distress under Florida law.

59.    As a result of Defendants' tortious conduct, Defendants are liable under the Federal Tort Claims Act.

**FIFTH CLAIM FOR RELIEF**
**Federal Tort Claims Act -28 U.S.C. § 1346(b)**
**Negligence**

60.    Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

61.     The Government Officers acted within the scope of their office or employment under circumstances where the United States, if it were a private person, would be liable to Plaintiff in accordance with the laws of the State of Florida.

62.     Defendants owed a legal duty of care to Plaintiff when he was passing through customs and when he was in their custody.

63.     Defendants breached the duty they owed to Plaintiff when they negligently harmed Plaintiff and his associates.

64.     Defendants are liable for the negligent acts of the Government Officers acting on its behalf.

65.     Defendants' actions constitute negligence under Florida law.

66.     As a result of Defendants' negligent conduct, Defendants are liable under the Federal Tort Claims Act.


## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment

67.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

68.     28 U.S.C. § 2201(a) provides in pertinent part that in "a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

69.     There is an actual and justiciable controversy between Plaintiff and Defendants with respect to the issue of whether Defendants violated the FTCA by harming Plaintiff.

70.     Without a declaration that Defendants have violated the FTCA, Defendants are free to execute their threat of continued targeting of and otherwise unlawful and harmful conduct against Plaintiff and his associations.

71.     By reason of the foregoing, Plaintiff requests an Order declaring that Defendants' acts, as described herein, violated the FTCA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Daniel Kordash prays for relief and judgment as follows:

A.     Award Plaintiff actual, compensatory and punitive damages and prejudgment interest in an amount to be determined at trial for the harms caused by Defendants' wrongful conduct;

B.     Declare that Defendants have violated the Federal Tort Claims Act and harmed Plaintiff;

C.     Enter an injunction enjoining Defendants from arresting, seizing, searching or interrogating Plaintiff, or any known associates of Plaintiff, without cause;

D.     Award Plaintiffs reasonable attorneys' fees and costs; and

E.     Such other equitable, injunctive or other relief as deemed appropriate by the Court.

**JURY DEMAND**

Plaintiffs demand a trial by jury of all issues pursuant to Rule 38 of the Federal Rules of

Civil Procedure.

Dated:  Fort Lauderdale, Florida
        October 16, 2020

RICE PUGATCH ROBINSON STORFER
& COHEN, PLLC

By:  */s/ Arthur Halsey Rice*
Arthur Halsey Rice
Florida Bar No. 224723
Riley W. Cirulnick
Florida Bar No. 0333270
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
(954) 462-8000
arice@rprslaw.com
rcirulnick@rprslaw.com

MICHELMAN & ROBINSON, LLP

By:  */s/ Peter R. Ginsberg*
Peter R. Ginsberg (pro hac vice pending)
800 Third Avenue, 24th Floor
New York, New York 10022
(212) 730-7700
pginsberg@mrllp.com

*Attorneys for Plaintiff Daniel Kordash*

*EXHIBIT "A"*

**DANIEL KORDASH 10/6/1987** (b) (7)(E)
01/21/2019 19:00:31
IO25

## IO25 Document

| (b)(7)(E) | Last Name | First Name | Date of Birth (DoB) |
|---|---|---|---|
| | KORDASH | DANIEL | 10/06/1987 |
| Age | Gender | Race | Document Country |
| 31 | Male (M) | WHITE (W) | United States (US/USA) |
| Document Number | Document Type | Carrier | Carrier Standard Carrier Alpha Code (SCAC) |
| 548577985 | PASSPORT NUMBER (P) | TROPIC OCEAN AIRWAYS, LLC (TI) | TRANSPORT AERIEN TRANSREGIONAL |
| Flight / IMO Number | Crossing Date/Time | Inbound/Outbound | Number of Passengers on Declaration |
| 7102 | 2019-01-21T19:00:31 | Inbound (I) | 1 |

| Embarkation Airport | Site Name |
|---|---|
| NASSAU#INTL,BAHAMAS (NAS) | FT LAUDERDALE, INTL MAIN FIS (A522) |
| Organization Location Name | Departure Airport |
| FT LAUDERDALE INTL AIRPT (5210) | NASSAU#INTL,BAHAMAS (NAS) |

| Inspection Results | Inspection Complete | b(7)(E) | |
|---|---|---|---|
| Negative | Yes | | |
| Referral Date/Time | b(7)(E) | Referral Reason | |
| 2019-01-21T19:00:31 | | (b) (7)(E) | |
| Baggage Search Performed | Personal Search | b(7)(E) | b(7)(E) |
| Yes | No | | |
| b(7)(E) | Category I Violation | Category II Violation | Category II Violation |
| | | | |
| Completion Date/Time | b(7)(E) | Last Sequence | b(7)(E) |
| 2019-01-21T19:28:52 | | 259 | |

Reason

PRIMARY L/O

Remarks

(b) (7)(E)               COMMENT:SUBJECT IS TRAVELING WITH ANOTHER MALE FRIEND AND TWO WOMEN FRIENDS OF LEGAL AGE. SUBJECT SAID THAT HE HAS AN AGREEMENT AND AN ON GOING CASE REGARDING BEING STOPPED BY CBP AND HIS LRGAL REPRESENTATIVE ADVISED HIM NOT TO TALK ABOUT THIS CASE. SUBJECT OWNS M2B FUNDING CORP IN AVENTURA ,

**Remarks**

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**DANIEL KORDASH 10/6/1987** █████████████ (b) (7)(E)
02/24/2019 15:03:54
IO25

## IO25 Document

| | Last Name | First Name | Date of Birth (DoB) |
|---|---|---|---|
| ███████ b(7)(E) | KORDASH | DANIEL | 10/06/1987 |
| Age | Gender | Race | Document Country |
| 31 | Male (M) | WHITE (W) | United States (US/USA) |
| Document Number | Document Type | Carrier | Carrier Standard Carrier Alpha Code (SCAC) |
| 548577985 | PASSPORT NUMBER (P) | JETBLUE AIRWAYS (B6) | JETBLUE AIRWAYS CORPORATION |

| Flight / IMO Number | Crossing Date/Time | Inbound/Outbound | Number of Passengers on Declaration |
|---|---|---|---|
| 1994 | 2019-02-24T15:03:54 | Inbound (I) | 1 |

| Embarkation Airport | Site Name |
|---|---|
| NASSAU#INTL,BAHAMAS (NAS) | NASSAU BD, AP PRE INTL ARRVLS (A741) |
| Organization Location Name | Departure Airport |
| USCBP NASSAU PRECLEAR (7423) | NASSAU#INTL,BAHAMAS (NAS) |

| Inspection Results | Inspection Complete | |
|---|---|---|
| Negative | Yes | ██████ b(7)(E) |
| Referral Date/Time | ██████ b(7)(E) | Referral Reason |
| 2019-02-24T15:03:54 | | ██████ (b) (7)(E) |
| Baggage Search Performed | Personal Search | |
| Yes | No | ██████ b(7)(E)   ██████ b(7)(E) |
| ██████ b(7)(E) | Category I Violation | Category II Violation   Category II Violation |
| Completion Date/Time | ██████ b(7)(E) | Last Sequence   ██████ b(7)(E) |
| 2019-02-24T15:40:11 | | 357 |

Reason
██████████████ (b) (7)(E)

Remarks
██████████ (b) (7)(E)  COMMENT:PAX WAS IN THE BAHAMAS FOR 2 NIGHTS, DECLARED $6,210USD, PAX STAYED AT THE SLS BAHAMAR PAX WORKS FOR M2B FUNDING CORPORATION 20801 BISCAYNE BLVD STE 307 AVENTURA, FL SINCE 2014. HOME ADDRESS:18555 COLLINS AVE UNIT 1405 SUNNY ISLES FL CELL(917) 297-5009. ALL BAGS RECEIVED NEGATIVE RESU

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**Remarks**

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**DANIEL KORDASH 10/6/1987** (b) (7)(E)

02/21/2018 15:51:35

IO25

## IO25 Document

| (b)(7)(E) | Last Name | First Name | Date of Birth (DoB) |
|---|---|---|---|
| | KORDASH | DANIEL | 10/06/1987 |

| Age | Gender | Race | Document Country |
|---|---|---|---|
| 30 | Male (M) | WHITE (W) | United States (US/USA) |

| Document Number | Document Type | Carrier | Carrier Standard Carrier Alpha Code (SCAC) |
|---|---|---|---|
| 548577985 | PASSPORT NUMBER (P) | JETBLUE AIRWAYS (B6) | JETBLUE AIRWAYS CORPORATION |

| Flight / IMO Number | Crossing Date/Time | Inbound/Outbound | Number of Passengers on Declaration |
|---|---|---|---|
| 1796 | 2018-02-21T15:51:35 | Inbound (I) | 1 |

| Embarkation Airport | Site Name |
|---|---|
| CANCUN#ARPT,MEXICO (CUN) | CBP- FT LAUDERDALE, APT TERM 1 (A52L) |

| Organization Location Name | Departure Airport |
|---|---|
| FT LAUDERDALE INTL AIRPT (5210) | CANCUN#ARPT,MEXICO (CUN) |

| Inspection Results | Inspection Complete | (b)(7)(E) |
|---|---|---|
| Negative | Yes | |

| Referral Date/Time | (b)(7)(E) | Referral Reason |
|---|---|---|
| 2018-02-21T15:51:35 | | (b) (7)(E) |

| Baggage Search Performed | Personal Search | (b)(7)(E) | (b)(7)(E) |
|---|---|---|---|
| Yes | No | | |

| (b)(7)(E) | Category I Violation | Category II Violation | Category II Violation |
|---|---|---|---|
| | | | |

| Completion Date/Time | (b)(7)(E) | Last Sequence | (b)(7)(E) |
|---|---|---|---|
| 2018-02-21T17:55:34 | | 905 | |

Reason

(b) (7)(E)

Remarks

(b) (7)(E)        COMMENT:ON 2/21/2018 AT APPROXIMATELY 1540 HOURS DANIEL KORDASH (10/6/1987, COC: USC) ARRIVED ON JETBLUE FLIGHT 1796 FROM CANCUN, MEXICO.  KORDASH WAS REFERRED TO THE BAGGAGE SECONDARY FOR AN EXAM. CBPO (b)(6); (b)(7)(C) TOOK A NEGATIVE BINDING DECLARATION, AND PROCEEDED TO X-RAY THE BAGGAGE. CBPO (b)(6); (b)(7)(C)

**Remarks**

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**DANIEL KORDASH 10/6/1987** ████████ (b) (7)(E)

12/23/2018 21:47:12

IO25

## IO25 Document

| (b)(7)(E) | Last Name | First Name | Date of Birth (DoB) |
|---|---|---|---|
| ████████ | KORDASH | DANIEL | 10/06/1987 |

| Age | Gender | Race | Document Country |
|---|---|---|---|
| 31 | Male (M) | WHITE (W) | United States (US/USA) |

| Document Number | Document Type | Carrier | Carrier Standard Carrier Alpha Code (SCAC) |
|---|---|---|---|
| 548577985 | PASSPORT NUMBER (P) | AMERICAN AIRLINES (AA) | AMERICAN AIRLINES |

| Flight / IMO Number | Crossing Date/Time | Inbound/Outbound | Number of Passengers on Declaration |
|---|---|---|---|
| 158 | 2018-12-23T21:47:12 | Inbound (I) | 1 |

| Embarkation Airport | Site Name |
|---|---|
| CANCUN#ARPT,MEXICO (CUN) | MIAMI, AIRPORT CONCOURSE A&B (A520) |

| Organization Location Name | Departure Airport |
|---|---|
| MIAMI INTL AIRPORT (5206) | CANCUN#ARPT,MEXICO (CUN) |

| Inspection Results | Inspection Complete | (b)(7)(E) |
|---|---|---|
| Negative | Yes | ████████ |

| Referral Date/Time | (b)(7)(E) | Referral Reason |
|---|---|---|
| 2018-12-23T21:47:12 | ████████ | (b) (7)(E) ████████ |

| Baggage Search Performed | Personal Search | (b)(7)(E) | (b)(7)(E) |
|---|---|---|---|
| Yes | No | ████████ | ████████ |

| (b)(7)(E) | Category I Violation | Category II Violation | Category II Violation |
|---|---|---|---|
| ████████ | | | |

| Completion Date/Time | (b)(7)(E) | Last Sequence | (b)(7)(E) |
|---|---|---|---|
| 2018-12-23T21:56:11 | ████████ | 648 | ████████ |

| Reason |
|---|
| (b) (7)(E) ████████ |

| Remarks |
|---|
| (b) (7)(E) ████████ COMMENT:PAX RETURNING FROM A 3 DAY TRIP TO MEXICO FOR A WEDDING. BAG EXAM NEGATIVE. PAX RELEASED WITH NO FURTHER INCIDENT.    X-RAY/NII UTILIZED FOR THIS INSPECTION:N   BAG EXAM:Y   REFERRING OFFICER ██ (b) (7) REASON FOR REFERRAL ██ (b) (7) SECONDARY OFFICER ████ (b)(6); (b)(7)(C) SECONDARY OFFICER |

**Remarks**

UNCLASSIFIED // FOR OFFICIAL USE ONLY

**(b) (7)(E)**

11/13/2018 15:48:18

IO95

**IO95 Document**

**Person Information**

1. **b(7)(E)**

| | | |
|---|---|---|
| Last Name | First Name | Middle Name |
| KORDASH | DANIEL | |

| | |
|---|---|
| Date of Birth (DoB) | Association Type |
| 10/06/1987 | Document Type |

| Document Type | Document Number | Document Country | Nationality Country |
|---|---|---|---|
| PASSPORT NUMBER | 548577985 | United States (US/USA) | United States (US/USA) |

| Gender | Race | Ethnicity Code | Crossing Date/Time |
|---|---|---|---|
| Male (M) | WHITE | N | 2018-11-13T15:48:18.000-05:00 |

| Site Name | Carrier | Flight /IMO Number |
|---|---|---|
| MIAMI, AIRPORT CONCOURSE A&B (A520) | AEROFLOT | 110 |

| **b(7)(E)** | Vehicle License State | **b(7)(E)** | **b(7)(E)** |
|---|---|---|---|

| Referral Date/Time | Reason | INS Disposition |
|---|---|---|
| 2018-11-13T15:48:18 | (b) (7)(E) | U.S. CITIZEN (USC) |

| Admittance Until Date | Secondary Referral Date/Time | Remarks |
|---|---|---|
| | 2018-11-13T18:07:51 | (b) (7)(E)          COMMENT: (b) (7) (b) (7)(E) |

RETURNING USC COMING FROM RUSSIA WHERE HE SPENT 4 DAYS VISITING WITH A FRIEND BY THE NAME OF (b)(6); (b)(7)(C). SUBJECT STAYED AT THE ST REGIS HOTEL DURING HIS TRIP. SUBJECT STATED HE WORKS FOR M2B FUNDING CORPORATION LOCATED AT 20801

| **b(7)(E)** | **b(7)(E)** | **b(7)(E)** | **b(7)(E)** |
|---|---|---|---|

| **b(7)(E)** | Fingerprint Identification Number (FIN) | Mode of Transport (MOT) | Conveyance Type Code |
|---|---|---|---|
| | | UNKNOWN | |

**Remarks**

*EXHIBIT "B"*

| Document ID | Last Name | First Name | Middle Name | Crossing Date/Time | Date of Birth (DoB) | Inbound/Outbound | Site | Document Type |
|---|---|---|---|---|---|---|---|---|
| | KORDASH | DANIEL | | 1/17/1993 | 10/6/1987 | Inbound | | |
| 110466004 | KORDASH | DANIEL | | 7/23/1994 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 8 | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 1/14/1995 | 10/6/1987 | Inbound | | |
| | KORDASH | DANIEL | | 1/13/1996 | 10/6/1987 | Inbound | | |
| 110466004 | KORDASH | DANIEL | | 1/11/1997 | 10/6/1987 | Inbound | | PASSPORT NUMBER |
| 110466004 | KORDASH | DANIEL | | 1/10/1998 | 10/6/1987 | Inbound | | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 8/2/1998 | 10/6/1987 | Inbound | | |
| 111854736 | KORDASH | DANIEL | | 1/3/2000 | 10/6/1987 | Inbound | | PASSPORT NUMBER |
| 111854736 | KORDASH | DANIEL | | 1/3/2002 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 111854736 | KORDASH | DANIEL | | 12/17/2002 | 10/6/1987 | Transit | CBP-MIAMI, AIRPORT CONCOURSE E | PASSPORT NUMBER |
| 111854736 | KORDASH | DANIEL | | 1/4/2003 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/19/2003 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/6/2004 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/6/2004 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 4/7/2004 | 10/6/1987 | Inbound | | |
| | KORDASH | DANIEL | | 4/11/2004 | 10/6/1987 | Inbound | | |
| 303711887 | KORDASH | DANIEL | | 7/22/2004 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 8/2/2004 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/17/2004 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/2/2005 | 10/6/1987 | Transit | SAN JUAN, PASSENGER BRANCH | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/20/2005 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/27/2005 | 10/6/1987 | Inbound | NEWARK, INTL AIRPORT TERM B | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/25/2005 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/5/2006 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/28/2006 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/13/2007 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/10/2007 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/18/2007 | 10/6/1987 | Inbound | CBP-ATLANTA, HARTSFIELD INTLAP | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/23/2007 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/8/2008 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 8/17/2008 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 8/24/2008 | 10/6/1987 | Inbound | MIAMI, CRUISE TERMS 3, 4 AND 5 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/22/2008 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/7/2009 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 8 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/10/2009 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 3/17/2009 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/22/2009 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/6/2010 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/25/2010 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/6/2011 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 8 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 12/20/2011 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 1/4/2012 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | | 4/28/2012 | 10/6/1987 | Outbound | | PASSPORT NUMBER |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 303711887 | KORDASH | DANIEL | 5/1/2012 | 10/6/1987 | Inbound | NASSAU BD, AP PRE INTL ARRVLS | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | 8/23/2012 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | 8/31/2012 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | 12/24/2012 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 303711887 | KORDASH | DANIEL | 1/3/2013 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 5/30/2013 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 6/4/2013 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 12/24/2013 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/7/2014 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/23/2014 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/27/2014 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/27/2014 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 6/20/2014 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 6/23/2014 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 7/28/2014 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 8/4/2014 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 8/24/2014 | 10/6/1987 | Inbound | CBP-MIAMI, PORT OFFICE | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 8/25/2014 | 10/6/1987 | Inbound | MIAMI, OPA LOCKA AIRPORT | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 8/25/2014 | 10/6/1987 | Inbound | MIAMI, OPA LOCKA AIRPORT | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 10/6/2014 | 10/6/1987 | Inbound | CBP-MIAMI, PORT OFFICE | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 10/7/2014 | 10/6/1987 | Inbound | FT LAUDERDALE, PORT EVERGLADES | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 10/7/2014 | 10/6/1987 | Inbound | FT LAUDERDALE, PORT EVERGLADES | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 12/5/2014 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 12/8/2014 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 12/26/2014 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/4/2015 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/16/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 1/20/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 2/13/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 2/17/2015 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 3/6/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 3/9/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 4/23/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 4/26/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 5/28/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 8/25/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 9/10/2015 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 1 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 10/1/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 10/4/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 11/14/2015 | 10/6/1987 | Inbound | CBP-MIAMI, PORT OFFICE | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 11/15/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, PORT EVERGLADES | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 11/15/2015 | 10/6/1987 | Inbound | FT LAUDERDALE, PORT EVERGLADES | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | 12/23/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| | KORDASH | DANIEL | 12/31/2015 | 10/6/1987 | Outbound | | |

| ID | Last | First | | Date | DOB | Direction | Location | Doc |
|---|---|---|---|---|---|---|---|---|
| 504340762 | KORDASH | DANIEL | | 12/31/2015 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 1/5/2016 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 1/26/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 1/28/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 2/10/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 2/12/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 4/15/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 4/21/2016 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 4/26/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 4/29/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 5/1/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | |
| 504340762 | KORDASH | DANIEL | | 5/27/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 5/30/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 7/26/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 8/22/2016 | 10/6/1987 | Transit | NEW YORK, JFK AIRPORT, TERM 1 | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 10/7/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 10/9/2016 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 12/29/2016 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 1/5/2017 | 10/6/1987 | Transit | NEW YORK, JFK AIRPORT, TERM 4 | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 3/11/2017 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 3/15/2017 | 10/6/1987 | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 7/19/2017 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 7/26/2017 | 10/6/1987 | Inbound | CBP-JFK, INTNL AP COURIER | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/8/2017 | 10/6/1987 | Inbound | NEW YORK, JFK AIRPORT, TERM 1 | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/25/2017 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/28/2017 | 10/6/1987 | Inbound | NASSAU BD, AP PRE INTL ARRVLS | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 9/23/2017 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 9/25/2017 | 10/6/1987 | Inbound | | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 10/13/2017 | 10/6/1987 | Outbound | | |
| 548577985 | KORDASH | DANIEL | | 2/17/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 2/17/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 2/21/2018 | 10/6/1987 | Inbound | CBP- FT LAUDERDALE, APT TERM 1 | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 6/11/2018 | 10/6/1987 | Inbound | CBP-CHAMPLAIN, PORT OF ENTRY | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 7/16/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 7/22/2018 | 10/6/1987 | Inbound | WESTCHESTER, COUNTY AIRPORT | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/16/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/19/2018 | 10/6/1987 | Inbound | TORONTO CD, PEARSON, TERM 1 | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 8/31/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 9/4/2018 | 10/6/1987 | Inbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 9/4/2018 | 10/6/1987 | Inbound | FT LAUDERDALE, EXECUTIVE AP | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 11/9/2018 | 10/6/1987 | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 11/13/2018 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 12/23/2018 | 10/6/1987 | Inbound | MIAMI, AIRPORT CONCOURSE A&B | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 1/18/2019 | 10/6/1987 | Outbound | | PASSPORT NUMBER |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 548577985 | KORDASH | DANIEL | | 1/21/2019 | 10/6/1987 | | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |
| | KORDASH | DANIEL | | 2/21/2019 | 10/6/1987 | | Outbound | | |
| 548577985 | KORDASH | DANIEL | | 2/22/2019 | 10/6/1987 | | Outbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 2/24/2019 | 10/6/1987 | | Inbound | | PASSPORT NUMBER |
| 548577985 | KORDASH | DANIEL | | 2/24/2019 | 10/6/1987 | | Inbound | NASSAU BD, AP PRE INTL ARRVLS | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 3/31/2019 | 10/6/1987 | | Outbound | | PASSPORT NUMBER |
| 504340762 | KORDASH | DANIEL | | 4/2/2019 | 10/6/1987 | | Inbound | FT LAUDERDALE, INTL MAIN FIS | PASSPORT NUMBER |

**DANIEL KORDASH 10/6/1987** (b) (7)(E)
09/23/2017 19:21:26
IO25

## IO25 Document

| | | | |
|---|---|---|---|
| b(7)(E) | Last Name<br>KORDASH | First Name<br>DANIEL | Date of Birth (DoB)<br>10/06/1987 |
| Age<br>29 | Gender<br>Male (M) | Race<br>WHITE (W) | Document Country<br>United States (US/USA) |
| Document Number<br>548577985 | Document Type<br>P1 | Carrier<br>JETBLUE AIRWAYS (B6) | Carrier Standard Carrier Alpha Code (SCAC)<br>JETBLUE AIRWAYS CORPORATION |
| Flight / IMO Number<br>1703 | Crossing Date/Time<br>2017-09-23T19:21:26 | Inbound/Outbound<br>Outbound (O) | Number of Passengers on Declaration |

| | |
|---|---|
| Embarkation Airport<br>CARTAGENA#NUNEZ,COLOMBIA (CTG) | Site Name<br>FT LAUDERDALE, INTL MAIN FIS (A522) |
| Organization Location Name<br>FT LAUDERDALE INTL AIRPT (5210) | Departure Airport<br>CARTAGENA#NUNEZ,COLOMBIA (CTG) |

| | | | |
|---|---|---|---|
| Inspection Results<br>Positive | Inspection Complete<br>Yes | b(7)(E) | |
| Referral Date/Time<br>2017-09-23T19:21:26 | b(7)(E) | Referral Reason<br>(b) (7)(E) | |
| Baggage Search Performed<br>Yes | Personal Search<br>Yes | b(7)(E) | b(7)(E) |
| b(7)(E) | Category I Violation<br>(b) (7)(E) | Category II Violation<br>(b) (7)(E) | Category II Violation |
| Completion Date/Time<br>2017-09-23T19:31:25 | b(7)(E) | Last Sequence<br>142 | b(7)(E) |
| Reason<br>(b) (7)(E) | | | |

Remarks

LOST/STOLEN DOCUMENT:N     COMMENT:SEE S/A/S NUMBER [(b) (7)(E)] FOR OUTBOUND BULK CURRENCY SEIZURE OF USD 33,969.16. NO ARREST.    X-RAY/NII UTILIZED FOR THIS INSPECTION:[b)(7)(E)] BAG EXAM:Y REFERRING OFFICER [(b) (7)(E)] REASON FOR REFERRAL:[(b) (7)(E)] SECONDARY OFFICER:[(b)(6);(b)(7)(C)]    SECONDARY OFFICER ID:[(b)(6);(b)(7)(C)]

**DANIEL KORDASH 10/6/1987**   [(b) (7)(E)]
01/04/2003 21:46:00
IO25

## IO25 Document

| [b(7)(E)] | Last Name | First Name | Date of Birth (DoB) |
|---|---|---|---|
| | KORDASH | DANIEL | 10/06/1987 |

| Age | Gender | Race | Document Country |
|---|---|---|---|
| 15 | Male (M) | WHITE (W) | United States (US/USA) |

| Document Number | Document Type | Carrier | Carrier Standard Carrier Alpha Code (SCAC) |
|---|---|---|---|
| 111854736 | PASSPORT NUMBER (P) | AMERICAN AIRLINES (AA) | AMERICAN AIRLINES |

| Flight / IMO Number | Crossing Date/Time | Inbound/Outbound | Number of Passengers on Declaration |
|---|---|---|---|
| 826 | 2003-01-04T21:53:00 | Inbound (I) | 2 |

| Embarkation Airport | Site Name |
|---|---|
| ST. MAARTEN#JULIANA,NETH. ANTILLES (SXM) | NEW YORK, JFK AIRPORT, TERM 8 (A473) |

| Organization Location Name | Departure Airport |
|---|---|
| JOHN F KENNEDY AIRPORT (4701) | ST. MAARTEN#JULIANA,NETH. ANTILLES (SXM) |

| Inspection Results | Inspection Complete | [b(7)(E)] |
|---|---|---|
| Negative | Yes | |

| Referral Date/Time | [b(7)(E)] | Referral Reason |
|---|---|---|
| 2003-01-04T21:46:00 | | [(b) (7)(E)] |

| Baggage Search Performed | Personal Search | [b(7)(E)] | [b(7)(E)] |
|---|---|---|---|
| Yes | No | | |

| [b(7)(E)] | Category I Violation | Category II Violation | Category II Violation |
|---|---|---|---|
| | | | |

| Completion Date/Time | [b(7)(E)] | Last Sequence | [b(7)(E)] |
|---|---|---|---|
| 2003-01-04T21:49:00 | | 374 | |

| Reason |
|---|
| [(b) (7)(E)] |

Remarks

**DANIEL KORDASH 10/6/1987** ▇ (b) (7)(E) ▇
04/29/2016 12:27:00
IOIL

## IOIL Document

| b(7)(E) | b(7)(E) | Incident Date/Time | Incident Type |
|---|---|---|---|
| ▇ | ▇ | 2016-04-29T12:27:00.000-04:00 | NEGATIVE SEARCH (N) |

| b(7)(E) | Personal Search | b(7)(E) | b(7)(E) |
|---|---|---|---|
| ▇ | | ▇ | ▇ |

| b(7)(E) | b(7)(E) | Last Name | First Name |
|---|---|---|---|
| ▇ | ▇ | KORDASH | DANIEL |

| Citizenship | Date of Birth (DoB) | Document Type Code | b(7)(E) |
|---|---|---|---|
| United States (US/USA) | 10/06/1987 | P | ▇ |

| Alien Registration Number (ARN) | b(7)(E) | Race | Gender |
|---|---|---|---|
| | ▇ | WHITE (W) | Male (M) |

| Height | Weight | Hair Color | Hair Color |
|---|---|---|---|
| | | | |

| b(7)(E) | Mode of Transport (MOT) | Conveyance | |
|---|---|---|---|
| ▇ | AIR | COMMERCIAL AIR (C) | |

| Port Runner Type | | Port Runner Country | |
|---|---|---|---|

| License Year | License State | License Country | b(7)(E) |
|---|---|---|---|
| | | | ▇ |

| b(7)(E) | | b(7)(E) | |
|---|---|---|---|
| ▇ | | ▇ | |

| Embark Airport | | Departure Country | |
|---|---|---|---|
| MEDELLIN#CORDOVA,COLOMBIA (MDE) | | Colombia (CO/COL) | |

| Departure Airport | | b(7)(E) | Declaration Type |
|---|---|---|---|
| MEDELLIN#CORDOVA,COLOMBIA (MDE) | | ▇ | |

| Search Reason |
|---|
| (b) (7)(E) |

| Passenger Quantity | b(7)(E) | b(7)(E) | Search Type |
|---|---|---|---|
| | ▇ | ▇ | (b) (7)(E) |



Search Reason 1

(b) (7)(E)

Search Reason 2

(b) (7)(E)

Search Reason 3

b(7)(E)    b(7)(E)

b(7)(E)    Funds on Passenger
8913

b(7)(E)

Body Scan
No

Two Hour Detention
No

~~Refused Body Scan~~
~~(b) (7)(E)~~

b(7)(E)

b(7)(E)

## Address

1. Original Street 1
   17201 COLLINS AVE APT 3207

   Original Street 3 - Postal ID Code
   33160

   Standard Pre Directional Code

   Standard Apartment Number
   3207

   b(7)(E)

   Original Street 2

   Standard Post Office Number

   Standard Street Name
   COLLINS

   Standard City Name
   SUNNY ISLE

   Original Street 3 - City Name
   SUNNY ISLE

   Standard Rural Route

   Standard Street Suffix Text
   AVE

   Standard State
   FLORIDA

   ~~Original Street 3 - State~~
   ~~FLORIDA~~

   ~~Standard Building Number~~
   ~~0017201~~

   ~~Standard Street Directional Code~~

   ~~Standard Zip Code~~
   ~~33160~~

## Remarks

Remarks

On 04/29/2016 KORDASH, Daniel (DOB:10/06/1987) a United States Citizen arrived at FLL/Terminal 4 onboard JetBlue (B6) flight 40 from Medellin, Colombia.  KORDASH was referred from primary by CBPO ████████ to (b) (7)(E) (b) (7)(E) Secondary at approximately 1110hrs ████████ (b) (7)(E) ████ (b) (7)(E) ████ (b) (7)(E) .

KORDASH arrived in (b) (7)(E) Secondary at approximately 1139hrs and presented his U.S. passport # 504340762 and CBP Form 7662.  CBPO ████████ took an oral declaration prior to bag inspection. ████ (b) (7)(E) ████

# (b)(6);(b)(7)(C);(b)(7)(E)

KORDASH stated that he was on vacation in Medellin, Colombia for 3 nights at Hotel Le Parc, has approximately $5000 USD, and took approximately $7000 USD on his trip.  KORDASH also stated that he works Dominion Capital managing a hedge fund in New York but lives in Miami, FL. ████ (b) (7)(E) ████ (b)(6);(b)(7)(C);(b)(7)(E) (b) (7)(E)

At approximately 1118hrs CBPO ████████ conducted a bag search of KORDASH's bags. (b)(6);(b)(7)(C);(b)(7)(E) ████████████████████████ KORDASH stated that he may have been at a night club where they smoked marijuana but he does not smoke marijuana.  CBPO ████████ handed KORDASH a Securing America's Borders pamphlet and explained to him that he will have to conduct a further search.  SCBPO ████████ was notified and approved a pat-down at approximately 1129hrs.

A pat-down was conducted from approximately 1130hrs to 1132hrs with negative results by CBPO ████████ and witnessed by CBPO ████████  KORDASH had $8,913.00 USD which was returned to him.

KORDASH was released without incident and given a comment card.  All actions were approved by SCBPO ████████ ████

# U.S. DEPARTMENT OF HOMELAND SECURITY
## U.S. CUSTOMS AND BORDER PROTECTION
## DECLARATION OF ADMINISTRATIVE FORFEITURE
### (Property Valued at $5,000 or less)

Case Number: 2017521000023901

Notice of Seizure and Intent to Forfeit was published at www.forfeiture.gov and posted at the MIAMI U.S. CBP / ATTN:FPFO 6601 NW 25TH STREET, STE 203, MIAMI, FL, 331220000 as required by law on the following dates: 08/31/2018 to 09/29/2018

In accordance with the provisions of Title 19, United States Code, Sections 1607 and 1609 (19 U.S.C. §§ 1607, 1609) and Title 19, Code of Federal Regulations, Section 162.45 (19 C.F.R. § 162.45), the following described property is declared forfeited for violation(s) as listed below.

---

2017521000023901000020000; Seized On 09/23/2017 At the port of MIAMI; COLOMBIAN PESOS; ; 1; BG; Valued at $147.16; For violation of 31USC5317, 31USC5316, 31USC5332, 31USC5317, 31USC5316

ROBERT M. DEL TORO_____

Fines, Penalties & Forfeitures Officer

Forfeiture Date:_____10 01 18_____

(b) (7)(E)

(b) (6), (b) (7)(C)

**1. NAME OF PAYER/IMPORTER**

CBP

**2. ADDRESS (include ZIP code)**

CBP officer must record above serial number on all checks and money orders accepted in payment. (19 CFR 24, 1 (b)

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Customs and Border Protection**

**COLLECTION RECEIPT**

**OR**

**3. TELEPHONE NO.**

(  )

**4. DATE**

10/05/17

**INFORMAL ENTRY**

19 CFR 4.23, 10.71, 123.4, 141.68, 143.23-143.25, 145.12, 148.27

## RECEIPT

| 5. ACCT. CLASS CODE | 6. USER CHARGE CODE | 7. REMARKS/CASE NO./VIOLATION | 8. AMOUNT | |
|---|---|---|---|---|
| 731 | | PLEASE OVERNIGHT LINE 001 | 33722 | 00 |
| | | ENTRY # 2W7 5210 000 239 01 | | |
| | | (b) (7)(E) | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**9. TOTAL COLLECTION:** CBP officer must write CBP 368 serial no. on all checks and money orders accepted in payment. (19 CFR 24.1 (b)).............. 33722 00

## INFORMAL ENTRY

| 10. DESCRIPTION OF MERCHANDISE AND/OR H.T.S.U.S. NO.; G.O. NO.; VIOLATION | 11. VALUE | 12. RATE | 13. DUTY |
|---|---|---|---|
| 10/05/17 (b) (6), (b) (7)(C)  **PAID** 33,722.00  $24,472.00  **Customs and Border Protection**  (b) (6), (b) (7)(C)  10/05/17 | | | |

| 14. I.T./BL.AWB NO. (b) (6), (b) (7)(C) | 15. I/T. ORIGIN PORT | 20. DUTY: | |
|---|---|---|---|
| 16. COUNTRY OF EXPORT | 17. IMPORTATION DATE | 21. I.R. TAX: | |
| 18. IMPORTING CARRIER | | 22 MERCHANDISE PROCESSING FEE: | |
| I declare that the information above set forth is accurate to the best of my knowledge and belief and that I have not received and do not know of any other invoice than that attached.  19. IMPORTER OR AGENT SIGNATURE | | 23. OTHER: | |
| | | 24. TOTAL COLLECTION: CBP officer must write serial no. on all checks and money orders. (19 CFR 24.1 9b) | |

| 25. CBP OFFICER SIGNATURE/BADGE NO: (b) (6), (b) (7)(C) | 26. TOTAL CASH 33722.00 | IMPORTER/PAYER MAY PROTEST/PETITION DUTIES/ PENALTIES COLLECTED TO THE APPROPRIATE PORT DIRECTOR IN ACCORDANCE WITH CBP REGULATIONS. |
|---|---|---|

PART 1 (WHITE)-COLLECTION COPY
PART 2 (PINK)-PAYER COPY
PART 3 (YELLOW)-RECORD COPY

**CBP Form 368 (01/09)**

660 . NW 25th Street
Miami, FL 33122



**U.S. Customs and Border Protection**

## NOTICE OF SEIZURE AND INFORMATION TO CLAIMANTS
### CAFRA FORM

CERTIFIED MAIL RETURN RECEIPT REQUESTED
7016 0600 0000 3644 2526

NOV 2 1 2017

Daniel Kordash
17201 Collins Avenue
Apt/Suite 3207
Sunny Isles Beach, Florida 33160

Re: Case Number 2018-5210-000239-01/RMR

Dear Sir/Madam:

This is to notify you that *U.S. Customs and Border Protection (CBP)* seized the property described below at Miami, Florida on September 23, 2017:

U.S. Currency in the amount of $33,722.00
427,000 Colombian Pesos equaling 147.16 (approximately)
The appraised domestic value of the property is $33,869.16

The currency was seized and is subject to forfeiture under the provisions of **title 31, United States Code, section 5316/5317(c),** because they were not properly reported, and **31, United States Code, section 5332,** bulk cash smuggling into or out of the United States.

The facts available to CBP indicate that you have an interest in the seized property. The purpose of this letter is to advise you of the options available to you concerning this seizure. <u>Two important documents—an "Election of Proceedings" form and a "Seized Asset Claim" form--are enclosed with this letter.</u> You must choose one of the options outlined below, indicate your choice on the "Election of Proceedings" form, and return it, and any other necessary documents, to CBP within the allotted time frame (see options below).

Your options are as follows:

(ATT 8-F: Revised November 2014)

1. **Petition:** You may file a petition with this office within 30 days from the date of this letter in accordance with Title 19, United States Code (U.S.C.), Section 1618 and Title 19, Code of Federal Regulations (C.F.R.), Sections 171.1 and 171.2 (19 C.F.R. §§ 171.1, 171.2), seeking the remission of the forfeiture.  The petition does not need to be in any specific form, but it must describe the property involved, identify the date and place of the seizure, include all the facts and circumstances which you believe warrant relief from forfeiture and must include proof of your interest in or claim to the property.  Examples of proof of interest include, but are not limited to, a car title, loan agreement, or documentation of the source of funds.  If you choose this option, you must check **Box 1** on the "Election of Proceedings" form.

   By completing Box 1 on the "Election of Proceedings" form, you are requesting administrative processing.  You are requesting that CBP refrain from beginning forfeiture proceedings while your petition is pending or that CBP halt forfeiture proceedings if they have already commenced.

   If you choose to file an administrative petition and are dissatisfied with the petition decision (initial petition or supplemental petition), you will have an additional 60 days from the date of the initial petition decision, or 60 days from the date of the supplemental petition decision, or such other time as specified by the *Fines, Penalties and Forfeitures Officer* to file a claim to the property requesting a referral to the U.S. Attorney.  If you do not act within these time frames, the property may be administratively forfeited to the United States.  You may also request a referral to the U.S. Attorney at any point prior to the issuance of a petition decision by filing a claim.  *Please see section 4 of this letter for information on how to request judicial action.*  If you take such action after filing a petition for relief, your pending petition will be withdrawn from consideration.

   If you request a referral to the U. S. Attorney or if another person asserting an interest in the same property chooses a referral to the U. S. Attorney, the matter will be referred to the U.S. Attorney who will have the authority to file a forfeiture action against the property in federal court pursuant to Title 18, U.S.C., Section 983(a)(3) (19 U.S.C. § 983(a)(3)).

   If upon receipt of your petition, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your petition will be forwarded to the U.S. Attorney's Office for consideration.

2. **Offer in Compromise:** At any time prior to forfeiture, you may file an offer in compromise in accordance with 19 U.S.C. § 1617 and 19 C.F.R. §§ 161.5, 171.31.  The offer must specifically state that you are making it under the provisions of 19 U.S.C. § 1617.  If you are offering money in settlement of the case, you must include payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) in the amount of your offer.  CBP may only consider the amount of your offer and will return the full offer if it is rejected.  *This option may serve to delay the case.*  If you choose this option, you must check **Box 2** on the "Election of Proceedings" form.

(ATT 8-F: Revised November 2014)

If you choose to submit an offer in compromise and are dissatisfied with the offer decision, you will have an additional 30 days from the date of the offer decision to file a claim requesting a referral for judicial action. If you do not act within the additional 30 days, the property may be forfeited to the United States.

You may also request a referral for judicial action at any point prior to the issuance of the offer decision by fully completing the enclosed "Seized Asset Claim" form or by otherwise submitting a complete judicial claim consistent with the requirements under 18 U.S.C. § 983(a)(2)(C). If you take such action, your petition or offer will be considered to have been withdrawn.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney's Office for consideration as an offer in settlement of the judicial action, as appropriate.

3. **Abandon:** You may abandon the property or state that you have no claim to or interest in it. <u>If you choose this option, you should check Box 3 on the "Election of Proceedings" form.</u> The Government may proceed with forfeiture proceedings or address claims from other parties concerning the property, without further involving you.

4. **Court Action:** On or before **December 27, 2017** , you may request referral of this matter to the U.S. Attorney, who will have the authority to file a forfeiture action against the property in federal court pursuant to 18 U.S.C. § 983(a)(3). <u>If you choose this option, you should check Box 4 on the "Election of Proceedings" form,</u> and fully complete the enclosed "Seized Asset Claim" form or otherwise submit a complete judicial claim as required by 18 U.S.C. § 983(a)(2)(C).

**Take No Action:** If you choose to do nothing, this office may initiate forfeiture action. <u>The first notice will be posted on or about 35 days from the date of this letter.</u>

For property appraised in excess of $5,000, CBP will post notice of seizure and intent to forfeit on the internet at www.forfeiture.gov for 30 consecutive days.

For property appraised at $5000 or less, CBP will post a notice of seizure and intent to forfeit in a conspicuous place accessible to the public at the customhouse or Border Patrol sector office (where appropriate) nearest the place of seizure as well as on the internet at www.forfeiture.gov for 30 consecutive days.

**Release on Payment:** If the seized merchandise is not, by law, prohibited from entry into the commerce of the United States, you may, within 30 days of this letter, submit an offer to pay the full appraised domestic value of the seized property accompanied by the full payment (bank draft, cashier's check or certified check, drawn on a U.S. financial institution, and made payable to CBP) or an irrevocable letter of credit in accordance with 19 U.S.C. § 1614 and 19 C.F.R. § 162.44.

(ATT 8-F: Revised November 2014)

If CBP accepts your offer to substitute release of the seized property on payment, the property will be immediately released, and the payment or letter of credit will be substituted for the seized property. <u>You may still submit a petition, offer in compromise, or request that the matter be referred to the U.S. Attorney's Office and you must check the appropriate box on the "Election of Proceedings" form.</u> The decision letter on your offer will provide you with the time frames for those options.

If, upon receipt of your offer, the matter has already been referred to the U.S. Attorney's Office for the institution of judicial forfeiture proceedings, your offer will be forwarded to the U.S. Attorney for consideration.

**Holder of a Lien or Security Interest:**  If you are a holder of a lien or security interest and you do not file a request for court action (option 4 above), you may avail yourself of any of the other enumerated options.  No relief will be granted to you until after forfeiture, unless your petition, offer or request is accompanied by an agreement to hold the United States, its officers and employees harmless, and a release from the registered owner and/or person from whom the property was seized.

<u>All accompanying documents must be in the English language or accompanied by an English language translation and submitted in duplicate.</u>

No matter which box you check on the "Election of Proceedings" form, you should sign, date and return the form, along with any petition, offer in compromise, or request for judicial proceedings, if those documents are necessary to support the option you choose.  *A "Seized Asset Claim" form should only be completed, signed, and returned if you make a claim and ask for the case to be referred for judicial forfeiture.*  Important:  If these forms are not enclosed with this letter, please promptly call the telephone number below.

All correspondence should be addressed to U.S. Customs and Border Protection, P.O. Box 52-2207, Miami, Florida 33152.  If further information is required, contact Richard M. Russo at Fines, *Penalties and Forfeitures Office* at 305-869-2881 or 954-977-7684 ext. 2080.   All inquiries should reference the case number.

Sincerely,


Robert M. Del Toro
Director, Fines, Penalties and Forfeitures

Enclosures:  Election of Proceedings – CAFRA Form
           CAFRA Seized Asset Claim Form

A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. § 1001 AND/OR 18 U.S.C. § 1621, AND MAY BE PUNISHABLE BY A FINE AND IMPRISONMENT

(ATT 8-F: Revised November 2014)

6601 NW 25th Street
Miami, FL 33122



**U.S. Customs and
Border Protection**

**<u>Amended Decision</u>**

Mr. Peter R. Ginsberg
Ginsberg Law LLC
80 Pine Street33rd Floor
New York, NY 10005

FPF CASE: 201752100002390/dm
Daniel Kordash

JUL 0 6 2018

Dear Sir:

This is in reference to the petition on behalf of **Daniel Kordash** received **January 12, 2018**, seeking remission from forfeiture of **$33,722.00** seized from your client on **September 23, 2017,**, under the provisions of *title 31, United States Code, section 5316/5317*. (Please note, the Columbian pesos will be forfeited and destroyed.)

We have reviewed the circumstances surrounding this case and the documentation provided. It has been determined by this Office that relief will be granted provided that the following conditions are met:

1. Payment in lieu of forfeiture in the amount of **$2,500.00**. Payment must be made by separate cashier's check and made payable to Customs and Border Protection. **If you choose to pay the penalty out of the funds currently under seizure, you are required to provide written authorization (Enclosed).**

2. Executed Hold Harmless Agreement, which is enclosed herewith. If you reside <u>outside</u> the territory of the United States, this document needs to be notarized at a U.S. Embassy or Consulate.

Please be advised that in the future, if you intend to transport currency/monetary instruments <u>in/out</u> of the country, a FINCEN Form 105 (Formerly CF-4790), Report of International Transportation of Currency or Monetary Instruments must be <u>accurately</u> completed in addition to CBP 6059B. For more information please visit <u>www.cbp.dhs.net.gov</u>. Future violations of this type may be handled in a more stringent manner.

Upon receipt of the Hold Harmless Agreement, Customs and Border Protection will refund the designated amount. Please complete the enclosed documents. You have thirty (30) days from the date of this letter to comply with the decision, or, in accordance with 19C.F.R. 171.61, to file a supplemental petition. If no response is received within thirty (30) days, administrative forfeiture proceedings will commence and the Notice of Seizure and Intent to Forfeit the property seized will be published for thirty (30) consecutive days at www.forfeiture.gov beginning on or about thirty (30) days from the date of this letter. If you have any questions, please contact Denise Magee of the Fines & Penalties Office at (305) 869-2885 or Denise.M.Magee@CBP.DHS.gov .

Sincerely,

Robert M. Del Toro, Director
Fines, Penalties and Forfeitures

Enclosures (2) – Hold Harmless Agreement (1)
                        Payment Authorization (Optional) (1)

# Incident (b) (7)(E)

| | | | |
|---|---|---|---|
| Fiscal Year: | 2017 | Port Code: | 5210 - FT LAUDERDALE INTERNATIONAL AIRPORT |
| Environment Type: | | Port Director Name: | JORGE ROIG |
| Incident Type: | SEIZURE ONLY | Agency: | Office of Field Operations |
| Form Type: | Long Form | | |

## Overview

EID Event Number: (b) (7)(E)
Owning Agency: CBP FIELD OPS - MIAMI FL (C52)
Incident Topic: OUTBOUND BULK CURRENCY SEIZURE OF $33,869.16 USD//FLL-->CTG, COLOMBIA
Incident Type: (b) (7)(E)
Incident Categories: (b) (7)(E)
Notify if Incident is Queried?: (b) (7)(E)

### Discovery Information

Discovering Agency: CBP, OFFICER (CSI)
Place of Discovery: PORT-OF-ENTRY (P)
Place of Discovery Description: FT LAUDERDALE AIRPORT TERMINAL 3
Discovery Date: 2017-09-23

### Agency Participation

Participated In Seizure: (b) (7)(E)

### Contributing Information




### Additional Information

Project Codes: (b) (7)(E)
(b) (7)(E)
Incident Enforcement Aid:
HSI Case Number: (b) (7)(E)
Current Case Agent:


~~FOR OFFICIAL USE ONLY~~

Declaration Taken ByCBP OFFCR-C
HSI Office Code:



## Conveyance

Conveyance Type: COMMERCIAL AIR
Conveyance Searched:  No
Conveyance Seized:  No

## Aircraft Detail

Country Registered:
Tail #:
Overflight Exemption:

## Itinerary Information

In/Out Bound: Outbound
In/Out Bound Date: 2017-09-23
Country Originated From: UNITED STATES
Via Country:
Bill Of Lading #:
Carrier Name:
Trip #:
Carrier Code: B6
Flight #: 1703
PAX Embark Airport: FORT LAUDERDALE, FL
Departure Airport: FORT LAUDERDALE, FL
Departure Country: UNITED STATES

## Exam Details

Reason For Exam:
Exam Complete Percent:

## TECS Information



## Seizure Details

Seizure Date / Time: 2017-09-23 13:00

Seizing Agency: CBP, OFFICER
Place of Seizure: PORT-OF-ENTRY
Place of Seizure Description: FT LAUDERDALE AIRPORT TERMINAL 4
Seizing Officer: CBP OFFCR-C

## e-allegation Information

Is result of an e-allegation:  No

# Violators

### FP&F Case #: 2017521000023901

Last Name: KORDASH
First Name: DANIEL
Middle Name:
Date of Birth:  1987-10-06
Sex: Male
Citizenship: UNITED STATES
Race: WHITE
Hispanic: NOT OF HISPANIC OR LATINO ORIGIN
Personal Search Conducted:  Yes

## Address

Street: 17201 COLLINS AVE
Apartment #:  #3207
City: SUNNY ISLES BEACH
Country: UNITED STATES
State: FLORIDA
Zip: 33160

## Prosecutorial Information



## TECS Information

(b) (7)(E)

## Penalty/Mitigation Details

Penalty Assessed:
Class Code:

Mitigated Amount: (b) (7)(E)
Mitigating Officer:
Collected Amount:
Date Collected:
Receipt Number:
Promissory Amount:

# Properties

## Property  0001 - U.S. CURRENCY (532) BILLS

Property Category: CURRENCY/MONETARY
Property Type: U.S. CASH OR CURRENCY
Tariff:
(b) (7)(E)

## Property Details

Owning Port: 5210 - FT LAUDERDALE INTERNATIONAL AIRPORT
Seized Quantity: 532
Unit of Measurement: EACH
Package Barcode:
Number of Packages:
Package Type:
Country of Origin: UNITED STATES
Country of Export: UNITED STATES
Country of Destination:
Abandoned:  No
Prohibited Item:  No

## Currency / Monetary Instrument Details

Currency Base: UNITED STATES
Negotiable Monetary Instrument:  No

### Bill Counts

| Denomination | Count |
|---:|---:|
| 100 | 289 |
| 20 | 241 |
| 1 | 2 |

## Property Status

Legal Status: (b) (7)(E)
Physical Status: (b) (7)(E)
Custodian (b) (7)(E)
To Custodian: (b) (7)(E)

Storage: (b) (7)(E)
Acceptance Date: 2017-09-23

## Property Value

Appraising Officer/Import Specialist:
Declared Value:
Duty Amount:

## Property Values

Type: DOMESTIC/ESTIMATED - $33722
Type: CFO FINANCIAL - $33722

## Concealment Information



## Property Violations

31USC5317, 31USC5316 - EXPORT - CURRENCY/MONETARY INSTRUMENT VIOLTN

31USC5332, 31USC5317, 31USC5316 - SMUGGLING - BULK CASH

## Property  0002 - COLOMBIAN PESOS

Property Category: CURRENCY/MONETARY
Property Type: U.S. CASH OR CURRENCY
Tariff:
Enforcement Aids:

## Property Details

Owning Port: 5210 - FT LAUDERDALE INTERNATIONAL AIRPORT
Seized Quantity: 13
Unit of Measurement: EACH
Package Barcode:
Number of Packages:
Package Type:
Country of Origin: COLOMBIA
Country of Export: UNITED STATES
Country of Destination:
Abandoned:  No
Prohibited Item:  No

FOR OFFICIAL USE ONLY

## Currency / Monetary Instrument Details

Currency Base: COLOMBIA
Negotiable Monetary Instrument:  No

### Bill Counts

| Denomination | Count |
|---:|---:|
| 50000 | 7 |
| 20000 | 3 |
| 10000 | 1 |
| 5000 | 1 |
| 2000 | 1 |

## Property Status

Legal Status (b) (7)(E)
Physical Status: (b) (7)(E)
Custodian: (b) (7)(E)
To Custodian: (b) (7)(E)
Storage: (b) (7)(E)
Acceptance Date: 2017-09-23

## Property Value

Appraising Officer/Import Specialist:
Declared Value:
Duty Amount:

## Property Values

Type: DOMESTIC/ESTIMATED - $147.16
Type: CFO FINANCIAL - $147.16

## Concealment Information



## Property Violations

31USC5317, 31USC5316 - EXPORT - CURRENCY/MONETARY INSTRUMENT VIOLTN

31USC5332, 31USC5317, 31USC5316 - SMUGGLING - BULK CASH

FOR OFFICIAL USE ONLY

# Narrative

** Complete narrative in migrated_narrative.txt ** On September 23, 2017, United States citizen passenger KORDASH, Daniel (DOB: 10/06/1987) was encountered outbound at Fort Lauderdale/Hollywood International Airport Terminal 3 by Customs and Border Protection Officer (CBPO) ▮▮▮ and CBPO ▮▮▮ while conducting outbound enforcement operations. KORDASH was attempting to board JetBlue Airlines flight #1703 to Cartagena, Colombia. KORDASH was traveling with ▮▮▮ ▮▮▮ ▮▮▮ and ▮▮▮ all United States Citizens. KORDASH was in possession of a black Timeless Goods FLUD brand carry-on back pack, and a black Rimowa brand suitcase. KORDASH was given an outbound currency reporting questionnaire CP-503 in the jet bridge by CBPO ▮▮▮ and declared $6000 USD. KORDASH checked "no" to the question "Are you transporting more than $10,000 in monetary instruments for yourself and/or for someone else?" He wrote 6000 on the line next to the question "How much currency or monetary instruments are you transporting in total." KORDASH checked "no" to the question "Are you transporting any packages or money given to you or for someone else?" and checked "no" next to the question "Do you understand this advisory form?" KORDASH then printed his name, signed, and dated the CP 503. KORDASH then quickly stated he would like to change the amount of money declared on the form. KORDASH stated he forgot he had $6000 of his cousin's money. He stated his cousin is on the flight with him but he was just holding the cash for him. He then scribbled out the total of 6,000, and changed it to 12,000. KORDASH also scribbled out his answer of "no" for the question "Are you transporting any packages or money given to you or for someone else?" and changed it to "yes." CBPO ▮▮▮ then had KORDASH fill out a FinCen form 105, Report of International Transportation of Currency or Monetary Instruments, in the amount of $12000 USD. CBPO ▮▮▮ then took a binding oral declaration from KORDASH regarding ownership of his black carry-on backpack, and black carry-on suitcase. Inspection of KORDASH's back pack revealed two stacks of what appeared to be 20 dollar bills wrapped in $2000 money bands. ▮▮▮ Another stack of 20 dollar bills wrapped in a rubber band was found in ▮▮▮ Closer inspection of the stacks of money revealed 100 dollar bills sandwiched between the 20 dollar bills. A search of the black suitcase revealed three more stacks of money both wrapped in $2000 money bands and had 100 dollar bills sandwiched in between 20 dollar bills. KORDASH had approximately $4000 USD in his pocket. While CBPO ▮▮▮ inspected the co-travelers, CBPO ▮▮▮ began to question KORDASH. During questioning, KORDASH stated he is an investment banker, and runs a hedge fund. He stated he works for Dominion Capital. KORDASH stated he was bringing the cash to pay for his 30th birthday. Once it was determined the total amount of currency was over the declared amount of $12,000, KORDASH, along with his co-travelers were escorted to the Customs and Border Protection baggage inspection area in terminal 4 for further inspection/money verification.

# Document Attachments

**NARRATIVE** migrated_narrative.txt
**IMAGE** I2285890
**IMAGE** I2285888

**IMAGE**  I2285891
**IMAGE**  I2285905
**IMAGE**  I2285889

## Changes Made to Incident Since Approval

**Date / Time:**  2017-10-18 09:25
**New Value:** (b) (7)(E)









